Darren EDSON, M.D. Plaintiff–
Appellant,

v.

VALLEYCARE HEALTH SYSTEM; the Hospital Committee for the Livermore–Pleasanton Areas; ValleyCare Medical Center; Valley Memorial Hospital Defendants–Appellees.

No. 00–15624.

D.C. No. CV–99–00988 (VRW).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 14, 2001.

Decided Nov. 1, 2001.

722

Before POLITZ,* KOZINSKI, and O'SCANNLAIN, Circuit Judges.

MEMORANDUM **

We review the grant of summary judgment *de novo*,[1] viewing the evidence in the light most favorable to the nonmoving party, affirming summary judgment only where no genuine issues of material fact exist.[2]

We first address whether the district court erred by granting summary judgment to ValleyCare without notice to Edson as required by Federal Rule of Civil Procedure 56. ValleyCare simply requested in its opposition brief to Edson's motion that the court grant it summary judgment. A district court may *sua sponte* grant summary judgment when the "losing party has had a 'full and fair opportunity to ventilate the issues involved in the motion.' "[3]

■ Edson sought summary judgment on the issue of liability and knew that ValleyCare requested summary judgment in its opposition brief. In his reply brief he stated: "For the forgoing reasons,

Plaintiff Darren Edson respectfully requests that the Court grant his motion for summary adjudication and deny the purported counter-motions to dismiss *and for summary judgment.*" Thus, Edson had full knowledge of the issues before the court and the exercise of the summary judgment procedure *sua sponte* was not error.

We find no error in the holding that the closed-staff contracts were in force at the time of the disapproval. As the district court notes, although the contracts had expired by their terms, the parties continued to perform under those previous terms as renewal negotiations proceeded. The closed-staff contracts, therefore, are the primary source of Edson's rights. In addition, contrary to Edson's assertion, ValleyCare complied with the contracts in good faith. It provided notice of the disapproval and listed its reasons.

■ Edson contends that there is at least a triable issue of material fact relative to whether his disapproval related to standard of care issues. California law provides a right to a peer review, Edson asserts, when a doctor is disapproved on a standard of care basis. He predicates this claim on California Business and Professions Code § 805 *et seq.*, and on the Medical Staff Bylaws of ValleyCare.

The right to peer review under the statute is limited to the denial of staff privileges when the denial is based on a "medical disciplinary cause or reason."[4] The statute defines such a cause as, "that as-

* Honorable Henry A. Politz, Senior United States Circuit Judge for the Fifth Circuit Court of Appeals, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Harris v. Harris & Hart, Inc.,* 206 F.3d 838, 841 (9th Cir.2000).

2. *Id.*

3. *United States v. Grayson,* 879 F.2d 620, 625 (9th Cir.1989) (quoting *Waterbury v. T.G. & Y. Stores Co.,* 820 F.2d 1479, 1480 (9th Cir. 1987)).

4. Cal. Bus. & Prof.Code § 805(a)(5).

pect of a licentiate's competence or professional conduct which is reasonably likely to be detrimental to patient safety or to the delivery of patient care."[5] The Medical Staff Bylaws ultimately rely on this same definition to determine whether a medical care facility must provide a peer review.[6]

The record establishes that Edson was terminated for lack of communication skills, which, as the district court noted, is unrelated to his medical abilities. Because Edson was disapproved for other than standard of care issues, and not for a "medical disciplinary cause or reason," any contention that ValleyCare owed him a peer review under California Business and Professions Code § 805 is, accordingly, not persuasive.

Edson asserts, based on a recent California case, *Potvin v. Metropolitan Life Insurance Co.*,[7] that there is a genuine issue of material fact as to whether he was denied fair procedure under California law. Because there was no evidence presented that ValleyCare possessed the substantial power required in *Potvin*, the district court's holding that ValleyCare did not deny Edson a right to peer review was not error.

Given that we have upheld the *sua sponte* grant of summary judgment, we reject Edson's motion for reconsideration and a motion for relief on the same issue.

AFFIRMED.

---

**5.** *Id.* § 805(a)(6).

**6.** Under Medical Staff Bylaw 7.2 denial of medical staff membership is only grounds for a hearing "if such action is taken for medical disciplinary cause or reason and is reportable under California Business and Professions Code Section 805." Under Medical Staff Bylaw 5.7 where there is a contract involved, rights to a hearing only apply when a physi-

cian has privileges terminated for "quality of care" reasons.

**7.** 22 Cal.4th 1060, 95 Cal.Rptr.2d 496, 997 P.2d 1153 (Cal.2000).

